IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROCHELLE WYATT, | ) |
| | )    1:20-cv-02371 |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARINER FINANCE, LLC, | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ROCHELLE WYATT, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, MARINER FINANCE, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ROCHELLE WYATT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Indianapolis, County of Marion, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. MARINER FINANCE, LLC, (hereinafter, "Defendant") is a business entity engaged in providing consumer loans and financing as well as other financial services within the State of Indiana. Defendant's principal place of business is located in the State of Maryland. Defendant is incorporated in the State of Indiana.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV.  ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about November 21, 2019, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Southern District of Indiana, commencing bankruptcy case number 19-08705-JMC-7.

10. At the time Plaintiff filed her bankruptcy petition, she owed a debt to Defendant. The debt was for a deficiency balance that remained after Defendant repossessed a vehicle from Plaintiff prior to Plaintiff's bankruptcy filing.

11. Plaintiff scheduled the aforementioned debt in her bankruptcy petition as an unsecured debt.

12. At the time Plaintiff filed her bankruptcy petition, she owed no other debt to Defendant.

13. At the time Plaintiff filed her bankruptcy petition, she had no other accounts with Defendant.

14. On or about February 19, 2020, the United Stated Bankruptcy Court for the Southern District of Indiana entered an order discharging Plaintiff, thereby extinguishing her liability for the aforementioned debt owed to Defendant.

15. On or about February 21, 2020, The United Stated Bankruptcy Court for the Southern District of Indiana served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

16. Defendant was effectively put on notice that any debt incurred prior to the filing of that petition was discharged.

17. At no time since February 19, 2020 has Plaintiff owed any debt to Defendant.

18. At no time since February 19, 2020 has Plaintiff had any accounts open with Defendant.

19. At no time since February 19, 2020 has Plaintiff had any personal credit account with Defendant.

20. At no time since February 19, 2020 has Plaintiff had any personal business relationship with Defendant.

21. Given the facts delineated above, at no time since February 19, 2020 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

22. Given the facts delineated above, at no time since February 19, 2020 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

23. On or about March 17, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Equifax Information Services, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

24. At no time on or prior to March 17, 2020 did Plaintiff consent to Defendant accessing his/her individual and personal credit report.

25. On or about March 17, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

26. On or about March 17, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

27. On or about March 17, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

28. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

29. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

30. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on his/her individual credit accounts.

31. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

32. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

33. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

34. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

35. On or about March 17, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

36. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

37. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation.  Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.   JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROCHELLE WYATT, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

   c.  Punitive damages;

   d.  Plaintiff's attorneys' fees and costs; and,

   e.  Any other relief deemed appropriate by this Honorable Court.

               Respectfully submitted,
               **ROCHELLE WYATT**

            By: <u>s/ David M. Marco</u>
               Attorney for Plaintiff

<u>Dated: September 11, 2020</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:  <u>dmarco@smithmarco.com</u>